UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO DIVISION

| | | |
|---|---|---|
| CENTRAL MUTUAL INSURANCE COMPANY as subrogee of CHRISTINE ALLEN, <br>         Plaintiff, <br><br> vs. <br><br> WARD MANUFACTURING, LLC., WARD MANUFACTURING, INC., STOOKEY CONSTRUCTION, LLC., KENT BRYANT AND WULKER MECHANICAL, LLC D/B/A WULKER PLUMBING COMPANY <br>         Defendant. | § § § § § § § § § § § | CIVIL ACTION CASE NO. 3:14-cv-1599 <br><br><br> **COMPLAINT** |

## PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW Plaintiff Central Mutual Insurance Company as subrogee of Christine Allen ("Central"), by and through its attorneys of record, bring this Complaint against Defendants WARD MANUFACTURING, LLC ("Ward LLC"), WARD MANUFACTURING, INC. ("Ward Inc.") (collectively "Ward"), STOOKEY CONSTRUCTION, LLC ("Stookey"), KENT BRYANT ("Bryant"), WULKER MECHANICAL, LLC d/b/a WULKER PLUMBING COMPANY ("Wulker") and (collectively hereafter "Defendants") and, in furtherance of this Complaint, the Plaintiff alleges and declares as follows:

I.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Central Mutual Insurance Company ("Central") is a foreign corporation duly organized and existing under the laws of the State of Ohio, whose principal place of business is

**PLAINTIFF'S ORIGINAL COMPLAINT**                                        Page 1

located at 800 South Washington Street, Van Wert, Ohio 45891. Central is an insurance company licensed and authorized to engage in the business of insurance in the State of Ohio. At the time of the incident made the basis of this lawsuit, Central provided insurance coverage to Christine Allen ("Allen") covering, among other things, certain real and personal property located at 7650 Cathedral Hills Drive, Cincinnatti, Ohio ("Premises"). Pursuant to their policy of insurance, Central paid Allen for damages sustained as a result of the incident made the basis of this lawsuit. As a matter of law and equity, Central is subrogated to any right of any recovery or cause of action that Allen has for said damage, to the extent of Central's payment to Allen as a result of the incident made the basis of this lawsuit. Central therefore brings this action pursuant to common law and equity, the terms of its insurance policy, and/or the specific assignments that Allen executed after the loss for the sums paid as a result of the acts and/or omissions of Defendants.

2. Defendant Ward Manufacturing, LLC ("Ward LLC") is a foreign limited liability company duly formed and existing under the laws of the State of Delaware, having its principal place of business in Blossburg, Pennsylvania. At the time of the incident made the basis of this lawsuit, Ward LLC was engaged in the business of, among other things, designing, manufacturing, assembling, marketing, and/or distributing corrugated stainless steel tubing ("CSST") for use in fuel-gas delivery systems. <u>Being without a registered domestic agent, Defendant Ward LLC may be served by mailing the Complaint, summons and service of process, by registered or certified U.S. mail, return receipt requested, to its executive officer at the following address</u>:

John Spangler
President
Ward Manufacturing, LLC
117 Gulick Street
Blossburg, Pennsylvania 16912-5900

And/or its Registered Agent for Service:
Ct Corporation System
1515 Market St #210
Philadelphia, PA 19102

3. Defendant Ward Manufacturing, Inc. ("Ward Inc.") is a foreign corporation duly formed and existing under the laws of the State of Pennsylvania, having its principal place of business in Blossburg, Pennsylvania. At the time of the incident made the basis of this lawsuit, Defendant Ward Inc. was engaged in the business of, among other things, designing, manufacturing, assembling, marketing, and/or distributing corrugated stainless steel tubing ("CSST") for use in fuel-gas delivery systems. Being without a registered domestic agent, Defendant Ward Inc. may be served by mailing the Complaint, summons and service of process, by registered or certified U.S. mail, return receipt requested, to its executive officer at the following address:

Arthur P. Guidi
President
Ward Manufacturing, Inc.
2 Manhattanville Road, Suite 301
Purchase, New York 10577

And/or its Registered Agent for Service:
Ct Corporation System
1515 Market St #210
Philadelphia, PA 19102

4. Defendant Stookey Construction, LLC. ("Stookey.") is a Domestic Limited Liability Company duly formed and existing under the laws of the State of Ohio, having its principal place of business in Cincinnati, Ohio. At the time of the incident made the basis of this lawsuit, Defendant Stookey was engaged in the business of, among other things, general contracting. Defendant Stookey may be served by delivering the Complaint, summons and service of process, to its registered agent at the following address:

**PLAINTIFF'S ORIGINAL COMPLAINT** Page 3

Kyle Stookey
5076 Grandview Place
Cincinnati, OH 45212

5. Defendant Kent Bryant is an individual who is engaged in the business of, among other things, subcontractor for installation of fuel-gas delivery systems. <u>Defendant Bryant may be served by delivering the Complaint, summons and service of process personally at the following address</u>:

Kent Bryant
1076 Fox Run Road
Milford, OH 45150-2382

6. Defendant Wulker Mechanical, LLC d/b/a Wulker Plumbing Company is a domestic limited liability company duly formed and existing under the laws of the State of Ohio, having its principal place of business in Cincinnati, Ohio. At the time of the incident made the basis of this lawsuit, Defendant Wulker was engaged in the business of, among other things, plumbing contracting. Defendant Wulker may be served by delivering the Complaint, summons and service of process to its registered agent at the following address:

Michael L. Wulker
3673 Paxton Avenue
Cincinnati, OH 45208

7. The amount in controversy exceeds this Court's jurisdictional limit of Seventy Five Thousand Dollars ($75,000.00).

8. This Court is the appropriate venue for this dispute, because all or a substantial part of the events giving rise to the claim occurred in Cincinnati, Ohio; Plaintiff is a resident of Van Wert, Ohio.

**II.**

**FACTS**

9. On or about July 18, 2012, a fire occurred at the Premises, which consisted of a two-story, wood-frame residential home. The fire originated in the crawl space under the family room. Immediately before the fire, lightning struck the metal cap on the top of the chimney. The lightning's electrical conductive path traveled along the Premises' fuel-gas delivery system (i.e. natural gas plumbing line) which was constructed of corrugated stainless steel tubing ("CSST"). The lightning's electrical energy punctured a hole in the CSST, allowing natural gas to escape and ignite into a fire which caused substantial damage to Plaintiffs' real and/or personal property.

10. Prior to the fire, Allen contracted with Defendant Stookey for the construction of the Premises. Stookey, acting as general contractor, subcontracted with the following parties:

  a. Defendants Bryant and/or Wulker for the installation of the fuel-gas delivery systems at the Premises;

11. Defendants Bryant and/or Wulken selected flexible CSST for use in the fuel-gas delivery system. The CSST was designed, manufactured, assembled, marketed, sold, and/or distributed by Defendants Ward LLC and/or Ward Inc.

12. Defendants' acts and/or omissions, individually or collectively, were the direct and/or proximate cause of Plaintiffs damages. The fire caused significant damage to Allen's real and/or personal property at the Premises and caused other damage, including, among other things, loss of use, diminution in value and increased expenses.

13. At the time of the incident Central insured Allen for real and personal property coverage. Pursuant to its policy of insurance with Allen, Plaintiff paid Allen for damages resulting from the fire at the Premises, in an amount in excess of $75,000.00. As a matter of law and equity and the terms of its insurance policy, Plaintiff is qualified to bring this case to recover the sums paid to

Allen as a result of the loss as described herein, and is lawfully and contractually subrogated to any right of recovery or cause of action that Allen has for such damages, to the extent of its payment to its insured.

## III.

## FIRST CAUSE OF ACTION: PRODUCT LIABILITY AGAINST WARD LLC AND/OR WARD INC.

14. Plaintiff pleads, restates and realleges the previous paragraphs above, as if set forth fully herein, and would further show the Court as follows:

15. Defendants Ward LLC and/or Ward Inc. introduced the subject CSST into the stream of commerce, expecting it to, and which it ultimately did, reach Plaintiff's insured without substantial alteration in the condition in which the CSST was sold.

16. The CSST was defective in its design, manufacture and/or marketing (i.e. failure to adequately warn consumers of potential dangers).

17. Defendants Ward LLC and/or Ward Inc. failed to exercise reasonable care under the circumstances.

18. Defendants Ward LLC and/or Ward Inc. knew or should have known that the CSST possessed a defect which rendered it unreasonably dangerous.

19. At the time of the fire, the CSST was being used in a manner for which it was designed, manufactured, assembled, marketed, sold and/or distributed.

20. Plaintiff's insured was in the class of persons that Defendants Ward LLC and/or Ward Inc. should have reasonably foreseen as being subject to the harm caused by the CSST's defective condition.

21. The CSST's defective condition, which existed when it was designed, manufactured, assembled, marketed, sold and/or distributed, was the direct and/or proximate cause of the fire

and the damages sustained by Plaintiff, which are in an amount in excess of the minimum jurisdictional limits of this Court.

## IV.

## SECOND CAUSE OF ACTION: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY BY WARD LLC AND/OR WARD INC.

22. Plaintiff pleads, restates and realleges the previous paragraphs above, as if set forth fully herein, and would further show the Court as follows:

23. At all times relevant hereto, Defendants Ward LLC and/or Ward Inc. were merchants in the business of selling CSST. Accordingly, Ward LLC and/or Ward Inc. impliedly warranted that the subject CSST installed at the Premises was merchantable.

24. Ward LLC and/or Ward Inc. breached that duty by selling the subject CSST with a defect that rendered it unfit for the ordinary purposes for which CSST is used.

25. Ward LLC and/or Ward Inc.'s breach of warranty of merchantability was the direct and/or proximate cause of Plaintiffs' damages, which are in excess of the minimum jurisdictional limits of this Court.

## V.

## THIRD CAUSE OF ACTION: NEGLIGENCE AGAINST PRAIRIE HOMES

26. Plaintiff pleads, restates and realleges the previous paragraphs above, as if set forth fully herein, and would further show the Court as follows:

27. Prior to the incident, Defendant Stookey was contracted for the construction of the Premises. Stookey owed a duty to exercise reasonably prudent and ordinary care in the construction of the Premises. Defendant Stookey violated this duty in one or more of the following respects:

    A. constructing the Premises in such a manner that created a fire hazard;

    B.    failing to inspect the Premises and the work of its subcontractors;

    C.    failing to ensure that the Premises complied with all applicable codes, ordinances, statutes, laws and industry standards of care;

    D.    failing to use due care in hiring, training, and supervising employees, agents and/or subcontractors; and

    E.    otherwise failing to exercise reasonably prudent and ordinary care under the circumstances.

28.    Each of the above-referenced acts and/or omissions, singly or in combination with others, constituted negligence on the part of Stookey, which proximately and/or directly caused the damages suffered by Plaintiff, which are in excess of the minimum jurisdictional limits of this Court.

## VI.

## FOURTH CAUSE OF ACTION: NEGLIGENCE AGAINST STOOKEY

29.    Plaintiff pleads, restates and realleges the previous paragraphs above, as if set forth fully herein, and would further show the Court as follows:

30.    Prior to the incident, Defendant Stookey was contracted for the construction of the Premises. Stookey breached the contract in one or more of the following respects:

    A.    constructing the Premises in such a manner that created a fire hazard;

    B.    failing to inspect the Premises and the work of its subcontractors;

    C.    failing to ensure that the Premises complied with all applicable codes, ordinances, statutes, laws and industry standards of care;

    D.    failing to use due care in hiring, training, and supervising employees, agents and/or subcontractors; and

    E.    otherwise failing to exercise reasonably prudent and ordinary care under the circumstances.

31.    Each of the above-referenced acts and/or omissions, singly or in combination with others, constituted a breach of contract on the part of Stookey, which proximately and/or directly caused the

damages suffered by Plaintiff, which are in excess of the minimum jurisdictional limits of this Court.

## VII.

## FIFTH CAUSE OF ACTION: BREACH OF IMPLIED WARRANTY OF GOOD AND WORKMANLIKE MANNER AGAINST STOOKEY

32. Plaintiff pleads, restates and realleges the previous paragraphs above, as if set forth fully herein, and would further show the Court as follows:

33. Prior to the incident, Defendant Stookey was contracted for the construction of the Premises. Stookey impliedly warranted that it would construct the Premises in a good and workmanlike manner. Defendant Stookey breached this warranty in one or more of the following respects:

- A. constructing the Premises in such a manner that created a fire hazard;
- B. failing to inspect the Premises and the work of its subcontractors;
- C. failing to ensure that the Premises complied with all applicable codes, ordinances, statutes, laws and industry standards of care;
- D. failing to use due care in hiring, training, and supervising employees, agents and/or subcontractors; and
- E. otherwise failing to exercise reasonably prudent and ordinary care under the circumstances.

34. Each of the above-referenced acts and/or omissions, singly or in combination with others, constituted a breach of Stookey's implied warranty of good and workmanlike manner, which proximately and/or directly caused the damages suffered by Plaintiff, which are in excess of the minimum jurisdictional limits of this Court.

## VIII.

## SIXTH CAUSE OF ACTION: NEGLIGENCE AGAINST BRYANT AND/OR WULKEN

35. Plaintiff pleads, restates and realleges the previous paragraphs above, as if set forth fully

herein, and would further show the Court as follows:

36. Prior to the incident, Defendants Bryant and/or Wulken installed the fuel-gas delivery system, including the subject CSST, at the Premises. Bryant and/or Wulken owed a duty to exercise reasonably prudent and ordinary care in the installation of the fuel-gas system. Defendants Bryant and/or Wulken violated this duty in one or more of the following respects:

    A.    installing the fuel-gas system in such a manner that created a fire hazard;

    B.    failing to install the fuel-gas system in accordance with all applicable codes, ordinances, statutes, laws and industry standards of care;

    C.    failing to use due care in hiring, training, and supervising employees, agents and/or subconstractors; and

    D.    otherwise failing to exercise reasonably prudent and ordinary care under the circumstances.

37. Each of the above-referenced acts and/or omissions, singly or in combination with others, constituted negligence on the part of Bryant and/or Wulken, which proximately and/or directly caused the damages suffered by Plaintiff, which are in excess of the minimum jurisdictional limits of this Court.

## IX.

## SEVENTH CAUSE OF ACTION: BREACH OF IMPLIED WARRANTY OF GOOD AND WORKMANLIKE MANNER AGAINST BRYANT AND/OR WULKEN

38. Plaintiff pleads, restates and realleges the previous paragraphs above, as if set forth fully herein, and would further show the Court as follows:

39. Prior to the incident, Defendants Bryant and/or Wulken installed the fuel-gas delivery system, including the subject CSST, at the Premises. Bryant and/or Wulken impliedly warranted that they would install the fuel-gas delivery system at the Premises in a good and workmanlike manner. Defendants Bryant and/or Wulken breached this warranty in one or more of the following respects:

    A. installing the fuel-gas system in such a manner that created a fire hazard;

    B. failing to install the fuel-gas system in accordance with all applicable codes, ordinances, statutes, laws and industry standards of care;

    C. failing to use due care in hiring, training, and supervising employees, agents and/or subconstractors; and

    D. otherwise failing to exercise reasonably prudent and ordinary care under the circumstances.

40. Each of the above-referenced acts and/or omissions, singly or in combination with others, constituted a breach of Bryant and/or Wulken's implied warranty of good and workmanlike manner, which proximately and/or directly caused the damages suffered by Plaintiff, which are in excess of the minimum jurisdictional limits of this Court.

## X.

## RESERVATION OF RIGHTS

41. Plaintiff specifically reserves the right to bring additional causes of action against Defendants and others, and to amend this complaint as necessary.

## XI.

## JURY DEMAND

42. Plaintiff demands this Court empanel a lawful jury to hear this case.

## XII.

## PRAYER

**WHEREFORE,** Plaintiff Central Mutual Insurance Company, as subrogee of Christine Allen demands judgment against the Defendants Ward Manufacturing, LLC., Ward Manufacturing, Inc., Defendant Stookey Construction, LLC, Kent Bryant, and Wulker Mechanical, LLC d/b/a Wulker Plumbing Company as follows:

1. For compensatory damages in an amount in excess of $75,000.00, plus interest as allowed by law;

2. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Mark C. Brncik
Mark Brncik
Javitch, Block & Rathbone, LLC
1100 Superior Avenue, 19th Floor
Cleveland, OH 44114-1503
Phone: 216-525-4926
Fax: 216-525-4927
MBrncik@JBandR.com

**ATTORNEYS FOR PLAINTIFF**

*Of Counsel*:
**MARK W. MORAN**
Texas Bar No. 00788076
**MISTY M. ESCOBEDO**
Texas Bar No. 24066810
**MUNCK WILSON MANDALA, LLP**
12770 Coit Road
Suite 600
Dallas, Texas 75251
Phone: 972-628-3600
Fax:     972-628-3616